UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | No. 21-CR-223-APM |
| | : | |
| **MATTHEW MARK WOOD,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ACCESS TO NON-PUBLIC AREAS OF THE CAPITOL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's "Motion to Compel Access to Non-Public Areas of the Capitol" ECF No. 34. The defendant's motion to suppress should be denied without a hearing because the defendant has not alleged any factual or legal basis for his request.

Without providing any legal support for his position or explaining why access to the requested areas is material to the preparation of his defense, the defendant asks the Court to compel the Government to provide access to the Speaker's conference room and the West Side Terrace so the defense can photograph these areas. Although the defendant does not cite the rule, the applicable authority in this case is Federal Rule of Criminal Procedure 16(a)(1)(E)(i), which provides that, "Upon a defendant's request, the government must permit the defendant to inspect . . . building or places . . . if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense."

"[I]n the context of Rule 16 'the defendant's defense' means the defendant's response to the Government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 462, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). To qualify as "material for preparing the defense," the D.C. Circuit has explained that the discovery sought must be related "to refutation of the government's case in

1

chief," and not "to establishment of an independent ... bar to the prosecution." *United States v. Rashed*, 234 F.3d 1280, 1285 (D.C. Cir. 2000); *see also United States v. Marshall*, 132 F.3d 63, 67 n.1 (D.C. Cir. 1998). The burden is on the defendant to demonstrate materiality, *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993), and the government must disclose Rule 16 evidence "only if it enable[s] the defendant significantly to alter the quantum of proof in his favor." *United States v. Graham,* 83 F.3d 1466, 1474 (D.C.Cir.1996) (quoting *United States v. Ross*, 511 F.2d 757, 763 (5th Cir.), *cert. denied*, 423 U.S. 836, 96 S.Ct. 62, 46 L.Ed.2d 54 (1975)).

Here, the defendant has failed to explain how access to the Speaker's conference room or the West Side Area is material to his case. The defendant ignores the voluminous discovery already provided in this case, which consists of multiple videos of the defendant's route through the U.S. Capitol, as well as hundreds of other videos showing various non-public areas of the U.S. Capitol. How accessing and photographing areas in the Speaker's Office or West Side Terrace is material to the defendant's case and significantly alters the quantum of proof in the defendant's favor is a mystery to the Government. Having failed to meet its burden of demonstrating the factual and legal basis for its request, the Court should deny Defendant's motion without a hearing.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar No. 481052

By:    */s/ David Henek*
    DAVID T. HENEK
    N.Y. Bar No. 5109111
    SEAN MURPHY
    Assistant United States Attorneys
    601 D. Street, N.W.
    Washington, D.C. 20530
    (202) 252-7825
    David.T.Henek@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing pleading has been served upon counsel for the defendant via the electronic case filing system on this date.

*/s/ David T. Henek*
DAVID T. HENEK
Assistant United States Attorney